UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RONALD E. WILLIAMS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 2:15-cv-00393-WTL-DKL |
| | ) |
| DICK BROWN, | ) |
| Respondent. | ) |
| | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Ronald E. Williams, Jr. for a writ of habeas corpus challenges a prison disciplinary proceeding, WVE 15-09-0071, in which he was found guilty of possessing intoxicants. For the reasons explained in this entry, Mr. Williams' habeas petition must be **denied**.

### I. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On September 15, 2015, Correctional Officer Hughes issued a Report of Conduct charging Mr. Williams with possession of intoxicants in violation of Code B-231. Dkt. 13-1. The Report of Conduct states:

> On 9-15-15 at approx. 7:20 pm I c/o A. Hughes was conducting Rec in GHU when I smelled an alcohol odor coming from cell 406 where Offender Williams, Ronald DOC #170778 and Offender Wilson, James DOC #139229 reside. While conducting a search of the cell I found a bag containing approx. one gallon of an alcohol smelling liquid under the bunk bed. The bag of alcohol smelling liquid was sent to master control where it was photographed and disposed of.

*Id.* The bag containing an alcohol smelling liquid was confiscated. Dkt. 13-5.

Mr. Williams was notified of the charge on September 16, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). Dkt. 13-6. The Screening Officer noted that Mr. Williams wanted to call Officer Hughes as a witness and that he requested the video to show who went into the cell. *Id.* The summary of the video review states, "I (DHO S. Chapman) attempted to watch the video for the rec period in question on 9/15/15. Due to the angle of the camera, the placement of an air duct, and a light, I am unable to get a clear view of the front of cell 406. The video neither supports nor disputes the conduct report." Dkt. 13-8.

The hearing officer conducted a disciplinary hearing on September 23, 2015. Dkt. 13-9. The hearing officer noted Mr. Williams' statement that the "POD officer say [sic] my cell can be seen by the camera. Reporting officer should have had a staff witness with him when shaking down." *Id.* The hearing officer also noted that Mr. Williams received a picture of the evidence card at screening. *Id.* Relying on the staff report, the statement of the offender, the video summary, and the photos and confiscation form, the hearing officer determined that Mr. Williams had violated Code B-231. The sanctions imposed included a written reprimand, a loss

of commissary privileges, the deprivation of 60 days of earned credit time, and the demotion from credit class I to class II (suspended). The hearing officer imposed the sanctions because of the seriousness and frequency of the offense and the likelihood of the sanction having a corrective effect on the offender's future behavior.

Mr. Williams' appeals were denied. This habeas action followed.

### III.  Analysis

Mr. Williams alleges that his due process rights were violated during the disciplinary proceeding. His claims are that: 1) the hearing officer said she could not use the video requested but then listed the video in her reason to find guilt; 2) the reporting officer did not have a staff witness with him when he searched the cell; and 3) he was denied a full copy (front and back) of the evidence record card.

All three of Mr. Williams' claims challenge the sufficiency of the evidence. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The first claim relates to the hearing officer's reliance on the video evidence. Although the hearing officer did view the video evidence, her summary of the video review states that she was "unable to get a clear view of the front of cell 406. The video neither supports nor disputes

the conduct report." Dkt. 13-8. The fact that the video summary was listed as evidence considered is not inconsistent with the hearing officer's statement as to the weight the video evidence was given, which was none. This claim lacks merit.

Mr. Williams' second claim is that there was no staff witness to the search of his cell. He argues that having a staff witness is a minimum requirement for a valid conduct report. Mr. Williams does not cite any prison policy, but to the extent he is relying on one in support of this claim, he cannot obtain federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

Mr. Williams also alleges that the reporting officer was not the one who searched his cell, but this is not an accurate representation of the conduct report. The reporting officer stated in the conduct report that "[w]hile conducting a search of the cell, I found a bag…." Dkt. 13-1. This states no due process violation.

Mr. Williams' final claim is that he was denied a complete copy of the evidence record card. He has attached to his petition a copy of a letter from Michael Pavese, Policy Manager, to another inmate dated October 29, 2010, discussing a disciplinary proceeding. Dkt. 2-1, p. 2. In that letter, Mr. Pavese stated that there was no reason why the inmate could not have a copy of a *blank* evidence card, if it were stamped as a "sample." *Id.* This letter has no relevance to Mr. Williams' claim that he was not given both sides of the evidence card. Moreover, he does not allege what information he was denied on the card or that such evidence was exculpatory. Even

if this constituted an error, because he has shown no prejudice there is no due process error. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir.2011) (absent prejudice, any alleged due process error is harmless error). Even if the other side of the evidence card had any exculpatory evidence, it was considered by the hearing officer, so there was no error in that regard either.

The reporting officer stated that he smelled alcohol odor coming from Mr. Williams' cell. The cell was searched and a bag containing a substance smelling of alcohol was discovered under the bed. The bag was confiscated and photographed. This evidence was sufficient to support the conviction of possessing intoxicants.

Mr. Williams was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Williams' due process rights.

### IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Williams' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  10/6/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Ronald E. Williams, Jr., DOC #170778, Wabash Valley Correctional Facility
Electronic Service Participant – Court Only